[No. 3145.]

BRITTON TURNER v. THE STATE.

MURDER—EVIDENCE—FACT CASE.—See the statement of the case for evidence *held* insufficient to support a conviction for murder in the second degree.

APPEAL from the District Court of Houston. Tried below before the Hon. J. R. Kennard.

The offense charged in this case, the murder of G. W. Montzingo, is the same charged in the two preceding cases, *Turner v. The State, ante,* page 378, and *Stanley v. The State, ante,* page 392. The appellant was convicted of murder in the second degree, and his punishment was affixed at a term of twenty years in the penitentiary.

The witnesses, Bob Stevens, Mrs. Montzingo, Henry Montzingo and John Glover for the State, and J. B. Jones, James Shaw, Rowan and Woodson for the defense, repeated, in substance, the testimony they gave on the previous trials of John Turner and Thomas L. Stanley, above referred to.

Fletcher Thomas testified, for the State, that he saw the defendant with John Turner, Tom Stanley and the deceased on the gallery of John Robinson's saloon, in the town of Lovelady, on the day of the killing. Defendant was doing nothing at that time. Witness heard John Turner say to the deceased that he, deceased, ought to take an ax handle and wear Stanley out with it. The defendant said nothing, but was standing on the gallery of the saloon, some feet off, but near enough to have heard John Turner's remark to deceased. While witness did not know that the defendant heard the remark, he supposed that he did. Deceased, John Turner, Tom Stanley, Arthur McManners and witness were present at the time of the remark, and the defendant, as stated, was standing near by. Tom Stanley lived with the Turner boys at old man Turner's house.

J. M. Earnest testified, for the State, that he saw John Turner and Tom Stanley near Robinson's saloon, in Lovelady, late on the evening of the killing. He was not certain that he saw the defendant there at that time. Fletcher Thomas was then stand-

B1

ing at Hemphill's saloon, fifteen feet distant from Robinson's saloon.

John Robinson testified, for the State, that he saw the defendant and Tom Stanley in Lovelady on the day of the killing. Witness also heard a conversation between John Turner, Tom Stanley and deceased, at which the defendant was present, standing on the gallery of witness's saloon. Fletcher Thomas and Earnest were also present. The deceased came into witness's saloon, took a drink of whisky, and bought a bottle of the same liquor, which he took home, he said, for the purpose of making camphor. Witness did not remember that the defendant drank.

L. P. Hemphill testified that he was at the house of the deceased on the night of and just after he was killed, and on that night he made an examination for blood. He found blood strewn from the house to the gate. He saw some blood on the left hand gate post going in. He found no blood outside the gate, and had no recollection of seeing a plow or plow beam about the premises. This examination was made at night. Witness made no examination next day.

Doctor Burroughs testified, for the State, that he examined the body of the deceased on the morning after the killing. One rib was severed, but the witness did not know that two were. The wound under the shoulder blade could hardly have been inflicted with a knife. It could have been inflicted with an ax.

John I. Moore testified, for the defense, that he presided over the inquest on the body of the deceased as justice of the peace and *ex officio* coroner. The wound under the shoulder blade was not a straight wound, but was more in the shape of a crescent or half moon. The wound on the back was a mere scratch.

The testimony of Buck Shaw, for defense, was substantially the same as that he gave on the trial of John Turner.

Doctor Burroughs, recalled for the State, testified that while the wound under the deceased's shoulder blade was not exactly straight, it was not in the shape of a half moon or crescent.

Errors in the charge of the court, and the insufficiency of the evidence to support the conviction, were the grounds assigned for new trial.

*Cooper & Cooper*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. The appellant was convicted of murder in the second degree for the killing of one G. W. Montzingo. We have already, at the present term, passed upon the cases of Stanley and John Turner, who were also separately indicted for the same murder. Errors pointed out and held fatal in the charge of the court in those cases appear to have been corrected in the charge given in this case, and the charge in this instance is not obnoxious to serious objection.

But when the evidence in this case is maturely considered with reference to the part this appellant took in the killing of Montzingo, we do not hesitate to say that, as shown by this record, it fails to satisfy us with that reasonable degree of certainty essential to all convictions in criminal cases, that his guilt of murder in the second degree is so established as that we would be willing to let such a conviction stand as a precedent for that crime.

If the evidence shows the defendant's guilt of any crime at all, it does not show satisfactorily, even when the acts of Stanley as exhibited in this record are imputed to him as a principal, that the killing was murder in the second degree.

Because the evidence is insufficient to support the verdict and judgment, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered June 4, 1884.